JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | | |
|---|---|---|
| KELSEY DRU GLEGHORN, | ) | No. CV 20-5942-CJC (PLA) |
| Petitioner, | ) | |
| v. | ) | **ORDER DISMISSING PETITION WITHOUT PREJUDICE** |
| JOSIE GASTELO, Warden, | ) | |
| Respondent. | ) | |

**I.**

**BACKGROUND**

Kelsey Dru Gleghorn ("petitioner") initiated this action on June 30, 2020, by filing a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C § 2254 (the "instant Petition"). Petitioner was convicted in 2004 in the Ventura County Superior Court of first degree burglary (Cal. Penal Code § 459). He also had three prior serious or violent convictions under California's Three Strikes Law (Cal. Penal Code §§ 667, 1170.12), and was sentenced to state prison for a term of forty years to life. (ECF No. 1 at 2; Case No. CV 16-8126-CJC (PLA), ECF No. 15 at 2). In the instant Petition, petitioner asserts two grounds for relief: (1) in Ground One, petitioner contends that pursuant to Sessions v. Dimaya, __ U.S. __, 138 S.Ct. 1204, 200 L.Ed.2d 549 (2018), the crime of burglary under California law is not a "crime of violence"; and (2) in

Ground Two, petitioner contends that the California Department of Corrections and Rehabilition ("CDCR") improperly denied his request pursuant to Proposition 57 for early parole consideration. (ECF No. 1 at 5, 16-22).

Petitioner has filed numerous prior federal habeas petitions. On August 18, 2006, in Case No. CV 06-5199-MMM (MAN), he filed his first petition (the "2006 Petition") in which he asserted four grounds for relief: grounds one through three attacked the validity of a prior conviction from 1982; and ground four alleged violations of the Sixth, Eighth, and Fourteenth Amendments. (Case No. CV 06-5199, ECF No. 1, ECF No. 3 at 3-5). On October 17, 2006, the Petition was dismissed as follows: grounds one through three involving the 1982 conviction were dismissed with prejudice; and ground four, to the extent this claim was a direct attack on petitioner's 2004 conviction, was dismissed without prejudice as unexhausted. (Id., ECF Nos. 3, 6, 7).

On May 31, 2007, in Case No. CV 07-3545-MMM (MAN), petitioner filed his second petition seeking federal habeas relief. This action was ultimately dismissed without prejudice for failure to prosecute. (Case No. CV 07-3545, ECF Nos. 1, 8, 29, 30, 31).

On September 10, 2012, in Case No. CV 12-7709-MMM (MAN), petitioner filed his third petition (the "2012 Petition"), asserting the following five claims: (1) petitioner's counsel was ineffective for failing to move to strike petitioner's prior convictions; (2) one of petitioner's prior convictions should not have been treated as a "strike" for sentencing purposes; (3) petitioner's prior battery conviction was not a felony; (4) California's Three Strikes Law is unconstitutional; and (5) petitioner's due process and equal protection rights were violated. (Case No. CV 12-7709, ECF No. 1 at 5-6, ECF No. 5 at 2). On January 14, 2014, the 2012 Petition was dismissed with prejudice for being untimely under 28 U.S.C. § 2244(d). (Id., ECF Nos. 5, 8, 9). The previous District Judge denied a certificate of appealability. (Id., ECF Nos. 10, 14). On August 7, 2014, the Ninth Circuit Court of Appeals denied petitioner's request for a certificate of appealability. (Id., ECF No. 17).

On November 1, 2016, in Case No. CV 16-8126-CJC (PLA), petitioner filed his fourth petition (the "2016 Petition"). The 2016 Petition raised claims challenging his sentence enhancements for his 2004 conviction and sentence. (Case No. CV 16-8126, ECF No. 1 at 8-14).

On March 7, 2017, the 2016 Petition was dismissed without prejudice as successive. (Id., ECF Nos. 15, 17, 18). The Court also denied a certificate of appealability. (Id., ECF No. 19).

## II.

## **DISCUSSION**

Following a review of petitioner's claims, the Court concludes that the Petition should be dismissed as successive and for failure to state a cognizable claim.

**A. Successive Petition**

A federal habeas petition is successive if it raises claims that were or could have been adjudicated on the merits in a previous petition. Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001) (per curiam). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that a claim presented in a second or successive federal habeas petition that was not presented in a prior petition shall be dismissed unless:

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A), (B). Furthermore, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

As set forth above, petitioner's 2012 Petition was dismissed with prejudice as untimely. Subsequently, petitioner's 2016 Petition was dismissed as successive. See McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) (a dismissal for failure to comply with the statute of limitations is a dismissal on the merits that renders subsequent petitions successive). In Ground One of the instant Petition, petitioner again attacks his 2004 conviction and sentence by alleging that, under the

Supreme Court's holding in Sessions v. Dimaya,[1] his conviction for burglary does not qualify as a violent crime under California Penal Code § 667.5(c). (ECF No. 1 at 17).

In light of the earlier dismissal of the 2012 Petition as untimely and the dismissal of the 2016 Petition as successive, the Court concludes that, with respect to Ground One, the instant Petition is likewise successive. Even if petitioner could satisfy any of the exceptions listed in 28 U.S.C. § 2244(b)(2)(A) or (B),[2] he is still required to request *and obtain* authorization from the Ninth Circuit before filing a successive petition. 28 U.S.C. § 2244(b)(3)(A); Burton v. Stewart, 549 U.S. 147, 152-53, 127 S.Ct. 793, 798, 166 L.Ed.2d 628 (2007) (AEDPA requires petitioner to receive authorization from the court of appeals before filing a second habeas petition). Because there is no indication that petitioner has obtained such authorization from the Ninth Circuit, the Court is without jurisdiction to entertain petitioner's claim in Ground One. See Burton, 549 U.S. at 153; Cooper, 274 F.3d at

---

[1] The Dimaya case focused on the definition of "crime of violence" under 18 U.S.C. § 16(b). As background, under the Immigration and Nationality Act, any alien who is convicted of an "aggravated felony" at any time after admission to the United States is deportable. 8 U.S.C. § 1227(a)(2)(A)(iii). The list of offenses that qualify as aggravated felonies includes "a crime of violence" as defined in 18 U.S.C. § 16(b). 8 U.S.C. § 1101(a)(43)(F). In Dimaya v. Lynch, 803 F.3d 1110 (9th Cir. 2015), the petitioner sought review of the Board of Immigration Appeals' determination that his conviction for burglary under California law was categorically a "crime of violence" under the definition set forth in 18 U.S.C. § 16(b), a determination which rendered the petitioner deportable. Section 16(b), known as the "residual clause," defined "crime of violence" as "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 16(b). The Ninth Circuit held that this language was unconstitutionally vague as it "require[d] courts to 1) measure the risk by an indeterminate standard of a 'judicially imagined ordinary case,' not by real world-facts or statutory elements and 2) determine by vague and uncertain standards when a risk is sufficiently substantial." Dimaya, 803 F.3d at 1120 (some internal quotations omitted). After granting certiorari, the Supreme Court agreed that the language was impermissibly vague, and affirmed the judgment. See Sessions v. Dimaya, 138 S.Ct. at 1223.

[2] In particular, petitioner's reliance on the Supreme Court's Dimaya decision could be construed as an argument that the instant Petition satisfies 28 U.S.C. § 2244(b)(2)(A), which allows a successive petition to be filed if the habeas claim asserted relies on a new rule of constitutional law that was made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. Petitioner has made no showing, however, that the Dimaya ruling -- which found an aspect of *federal* sentencing law to be unconstitutionally vague -- has any bearing on the constitutionality of California's Penal Code section listing the specific offenses that qualify as "violent" felonies for state sentence enhancement purposes. See Cal. Penal Code § 667.5(c).

1274 ("'When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.'").

Accordingly, with respect to Ground One, dismissal without prejudice is appropriate.[3]

### B. Failure to State a Cognizable Habeas Claim

The Court now turns to Ground Two in which petitioner raises a Proposition 57 claim.

As an overview, federal law provides "two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a [civil rights] complaint under . . . 42 U.S.C. § 1983." Muhammad v. Close, 540 U.S. 749, 750, 124 S.Ct. 1303, 158 L.Ed.2d 32 (2004). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action." Nettles v. Grounds, 830 F.3d 922, 927 (9th Cir. 2016) (internal quotations and citations omitted). A habeas petition is the exclusive vehicle for claims brought by state prisoners that fall within "the core of habeas." Id.; see Preiser v. Rodriguez, 411 U.S. 475, 487-88, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) (the "core of habeas corpus" is an attack on "the very duration of [a prisoner's] physical confinement itself"). Conversely, "a § 1983 action is the exclusive vehicle for claims brought by state prisoners that are not within the core of habeas corpus." Nettles, 830 F.3d at 927. When success on a petitioner's habeas claim would not necessarily lead to his immediate or earlier release from custody, the claim does not fall within "the core of habeas corpus." Id. at 934-35.

Proposition 57, which was approved by California voters in November 2016, amended the California Constitution to allow nonviolent offenders to be "eligible for parole consideration after

---

[3]   Petitioner is advised that if he wishes to make a successive habeas application, he must file a "Motion for Order Authorizing District Court to Consider Second or Successive Petition Pursuant to 28 U.S.C. § 2244(b)(3)(A)" directly with the Ninth Circuit Court of Appeals. Until the Ninth Circuit issues such an order, any direct or implied request for a second or successive petition for writ of habeas corpus is barred by § 2244(b) and must be dismissed **without prejudice** to petitioner's right to seek authorization from the Ninth Circuit to file the petition.
If petitioner obtains permission from the Ninth Circuit Court of Appeals to file a successive petition, he should file a new petition for writ of habeas corpus. He should not file an amended petition in this action or use the case number from this action because the instant action is being closed today. If petitioner files a new petition, the Court will give that petition a new case number.

completing the full term for [their] primary offense[s]." Cal. Const. art. I, § 32(a)(1); Travers v. People of the State of California, 2018 WL 707546, at *2 (N.D. Cal. Feb. 5, 2018).  The "full term for the primary offense" refers to "the longest term of imprisonment imposed . . . for any offense, excluding the imposition of an enhancement, consecutive sentence, or alternative sentence." Cal. Const., art. I, § 32(a)(1)(A).  California cases addressing the application of Proposition 57 have "uniformly state[d] that Proposition 57 creates a mechanism for parole consideration, not a vehicle for resentencing." Daniels v. California Department of Corrections and Rehabilitation, 2018 WL 489155, at *4 (E.D. Cal. Jan. 19, 2018).  Thus, while Proposition 57 provides for expanded eligibility of parole for certain convicted felons, it "does not require or provide any mechanism for state law prisoners to be resentenced by the courts in which they were convicted." Travers, 2018 WL 707546, at *3.

Based on the foregoing, if petitioner were to prevail on his Proposition 57 claim, this would not necessarily result in a speedier release from prison.  In other words, even if petitioner received an earlier parole consideration hearing under Proposition 57, this would not compel a grant of parole as petitioner could still be found unsuitable based on reasons that have not been litigated here and are not evident from the existing record.  See Nettles, 830 F.3d at 935 (noting that the parole board must consider "[a]ll relevant, reliable information" in determining parole suitability, and may deny parole "on the basis of any of the grounds presently available to it") (citations omitted).  As such, petitioner's Proposition 57 claim does not fall within the core of habeas corpus, and therefore is not cognizable on federal habeas review.

While a federal court has discretion to construe a habeas petition as a civil rights complaint, the Court declines to do so here for two reasons.  First, the filing fee for a habeas petition is $5, while the filing fee for a civil rights case is $350 plus an administrative fee of $50.  Even if a prisoner is granted *in forma pauperis* status with respect to filing a civil rights action, the prisoner is still liable for *the full amount of the $350 filing fee*, by way of deductions from the prisoner's institutional account. See 28 U.S.C. § 1915(b)(1).  Thus, converting the instant Petition to a civil rights action would require petitioner to pay the larger filing fee, which he may not wish to do.  Second, to raise a cognizable civil rights claim, petitioner would need to demonstrate a violation of federal law.  See Galen v. County of Los Angeles, 477 F.3d 652, 662 (9th Cir. 2007) ("Section 1983 requires [a plaintiff] to

demonstrate a violation of federal law, not state law."). Here, it appears that petitioner's claim based on Proposition 57 concerns only an alleged violation of state law, and not federal law. See, e.g., Daniels, 2018 WL 489155, at *3.

In light of the foregoing, the Court finds that, with respect to Ground Two, the instant Petition is not amenable to conversion to a § 1983 action, and therefore is dismissed without prejudice to petitioner filing a separate federal civil rights action, with the required filing fee, if he chooses to do so.

### III.
### CERTIFICATE OF APPEALABILITY

Under Rule 11(a) of the Rules Governing § 2254 Cases, a court must grant or deny a certificate of appealability ("COA") when entering a final order adverse to the petitioner. See also 28 U.S.C. § 2253(c).

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a COA. See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A COA may issue "only if . . . [there is] a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (citation omitted); see also Sassounian v. Roe, 230 F.3d 1097, 1101 (9th Cir. 2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when . . . jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. at 484.

The Court finds that jurists of reason would agree that the Petition is successive with respect to Ground One, and that the claim in Ground Two is not cognizable on federal habeas review. Accordingly, a certificate of appealability is **denied**.

## IV.

## CONCLUSION

IT IS THEREFORE ORDERED that the Petition is **dismissed without prejudice**. A certificate of appealability is also denied.

DATED: July 7, 2020

HONORABLE CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE